Enrae Richards, Alicia Marie Richards appearing pro se, D. Edward Hayes appearing for Acolyte. All right, good morning. Ms. Richards, do you wish to reserve any time for rebuttal? Yes, your honor. I would like to reserve five minutes for rebuttal. Okay, thank you. All right, you may commence. Good morning, your honors. I am Alicia Marie Richards and I'm the debtor in this matter and the appellant. And I'm requesting the court to reverse the bankruptcy court's order denying conversion and instead remand this case back to the bankruptcy court to order it to issue a Chapter 13 and for that order to be effective immediately. I believe that the bankruptcy court clearly erred denying me my right to convert to Chapter 13 under 706A based on bad faith and that the court's fact findings were illogical, implausible, and without support from the evidence. Can I stop you for one quick sec and make sure I understand the argument? Because when I read your brief, I thought the main argument was that basically Law v. Siegel kind of changed the landscape here. And it wasn't so much that the findings were wrong, but that on a legal issue, the bankruptcy court really just kind of relied on the wrong rule. So if I'm wrong about that, correct me, but that's where I thought you were headed in this argument. Yes, that's exactly correct. Law v. Siegel. I'm not trying to derail the argument. If you want to argue about facts, you can do it. I just didn't think that's where you were going in your brief. But yeah, this is just to make sure I'm not confused. So you're entitled to, you know, you can argue that if you want to and we'll try to react to it. Well, I actually argued both arguments. There's the part of the bankruptcy court where the court denied me conversion based on basically the Miramar case and bad faith in that respect. And then there's the new case in Law v. Siegel that specifically says the court doesn't have authority to do that unless I don't qualify for Chapter 13. And then the bad faith that the bankruptcy court relied on isn't supported by the record. So, I mean, those are basically my three arguments. And then the bankruptcy court also, the trustee argued four different things on why I shouldn't be able to convert. He said that I had two creditors from my prior Chapter 13 and that I left off page three of my Schedule J. I failed to show withholding on Schedule I, lack of income, and whether I received income 60 days before filing Chapter 7. But his argument was based on a prior schedule because I didn't know that page three was missing off of my emergency filing. Nobody told me that. I had no idea. And we were in the middle of COVID when I dropped off my papers in front of the bankruptcy court. And then Schedule I on withholding, I'm a 1099 employee, so my employer doesn't have to withhold income, which I clearly explained all of that in my brief. And then the judge or the court didn't even address those issues, but then came up with her own issue of that I had filed the Remsen Family Trust where was listed as a priority lien in one of my schedules and a priority lien because it's basically support that I was, I had to borrow money because my ex-spouse wasn't paying me support. And so I granted the trust a lien in order to secure all the money that I borrowed. And which at the time when I listed it, I thought, well, it was a priority. But then after I started thinking about it, it was definitely a secured claim because a priority claim is actually a secured claim. And then judge, the court actually didn't even allow briefing on the issues so I could address that, which I believe was a structural error and the other side didn't even bring it up. But based on law versus Siegel, the court specifically says, well, the United States Supreme Court specifically says that the court doesn't have the right to deny me conversion and that that's my right to convert if I qualify to convert. And specifically, it says section 706 that the code says that the debtor has the right to convert specifically and that the bankruptcy court may not exercise its authority to carry out the provisions of code or its inherent power. And in doing so, the court exceeds the limits of its authority under 105A. Although I don't think the court used 105A because she didn't identify that in any of her rulings. I think she actually used the Merrimar case and that's why she denied me conversion. And had I been, I was just so severely prejudiced by this ruling because it caused me into a breach of contract. It's caused the increase of trustee fees, which he's like Pac-Man, just going to it because there's so much equity in my house. And I would have been able to save all of those costs. I would have been able to save considerable amount of real estate fees and costs of sale. And with all my claims that I have, I possibly may have not even had to sell my house. But I actually settled with two of my creditors where they agreed to allow me to convert to chapter 13 because there's a big title dispute in the state court that hasn't even been resolved yet based on this breach of contract, which are part of these other appeals. This is multiplicity of litigation is ensued because I wasn't able to convert to chapter 13. And everyone's suffering from it. My creditors are trustee and it's just so unfair. It really is absolutely unfair. I'm going to reserve the rest of my minutes for, I have six minutes and 44 seconds. So I'm going to reserve that for the rest of my argument to see what the other side has to say. I pretty much summarized my brief. There are a few other things. All right. Well, the time clock we have and yours are slightly off, but you're using yours. I've got six minutes and 44 seconds. So I don't know what you're relying on, but you're being conservative. So with that, we will hear from the trustees council. Good morning and may it please the court, Ed Hayes representing the APLE and chapter seven trustee Richard Marshak. There is no absolute right to convert a case from chapter seven to chapter 13. That was decided by the Supreme court in the Marama case. Debtor goes to great extents to say that lobby Segal undermined or somehow changed the Marama decision. But in lobby Segal itself, the court recognized that there is statutory basis for supporting the result reached in Marama. That if a debtor is not eligible for chapter 13, why go through the procedural niceties of converting the case just to reconvert it back? So what makes, what makes Ms. Richards ineligible under chapter 13? And that's where I'm going next. So I think that the correct, this is an abuse of discretion standard on review. And I think the court did identify the correct legal rule. So now to get to your honor's question, it's did the court properly apply to the rule and was the result reached illogical, implausible or without support. So the reason that Ms. Richards does not qualify for chapter 13 is twofold. The first is the bankruptcy court specifically found that Ms. Richards had engaged in bad faith. She had a prior chapter 13 case, which was dismissed for cause. The court noted in its order that during the pendency of that case, Ms. Richards apparently gave a deed of trust to an insider related entity without disclosing that to the bankruptcy court in the prior case that in the present case, there were inconsistencies in the schedules and to this deed of trust and whether it was a lien and when it was given and it ultimately was not recorded. You're probably headed to this question too, but my question would be, is bad faith or good faith and eligibility requirement in chapter 13? Yes, it is. In order to confirm a plan, the court has to find that there is a good faith. The plan has been proposed in good faith. And so a finding of bad faith would prevent the confirmation of a chapter 13 plan. And just that, and I think following up on Judge Ferris's question, what's the predicate to that and when do we judge it? What's the predicate your honor? I'm not sure. Yeah. I mean, do we judge that when someone wants to convert or do we judge that when it turns out they can't confirm a plan? I think you judge it at the time of conversion. Okay. So help us out with why and how that's Yes, I understand. You judge at the time of conversion because the court is faced with the issue of deciding, do I or do I not convert this case? So is there bad faith that would cause the case to be reconverted back? And Judge Smith in the court, in her decision below, went into painstaking detail for why there would be bad faith and why the case would have to be reconverted back. I guess, and I'm sorry to interrupt you again, but I guess what I'm squaring, and maybe Judge Ferris is asking the same question. Is that a futility issue or is that a really a, or is that a bad faith issue? Well, I think it's actually both are present in this case. And I think that Judge Smith's order can be read as finding that both were present in this case. There is futility because if you go to the conversion, you will just have the case reconverted back. So it would be a futile exercise to convert the case and order to determine if a plan can be confirmed. If the court has already determined it would be futile and can't be confirmed. And separately, when there is bad faith, again, you can't, you know, that is grounds to deny conversion in the first instance. Yeah, I guess the worry is that, you know, is Marama talking about futility or bad faith? And it can't, I mean, is there a difference between those two here? I don't think there is a difference between the two here, because in both, no matter how you look at it, the debtor would not be eligible for confirming a Chapter 13 plan because of the existence of bad faith. And separately, Judge Smith also found that the purpose of converting the case would be to liquidate. It would not be to allow the debtor to, you know, make payments to reinstate a mortgage and keep her property from being sold. The debtor's plan itself was admittedly to just allow her to market the plan, which is a liquidation, which this court has previously found is really not a proper purpose of Chapter 13. The hard thing about 13, though, is they're so experiential. And there are plenty of cases, and I would bet you my colleagues have had them too, where someone's in a 13 and it just becomes apparent within a month or two that, the only thing to do here is to sell the property. And we certainly don't, we don't dismiss or convert those cases, right? I understood, but I think you have to look at the totality of circumstances. And in this case, when the property is going to be sold and admittedly going to be sold, why allow it to be converted for the debtor to handle the liquidation? And then as well, the court noted that the debtor had continually obstructed the trustee's efforts to try to market and sell the property. The debtor only sought to convert after the trustee had began marketing efforts. The court also noted, and it's in our brief, that there was a prior state court judgment from more than four years prior to bankruptcy that required the debtor to sell the property, and she never sold it. So she did not comply with the state court's order to market and sell the property for a number of years prior to bankruptcy. She did not effectuate a sale when she had her chapter 13 bankruptcy. And then in this case, she was only moving to convert to avoid the trustee's efforts to market and sell the property, which the court has now approved the sale of the property in order for the debtor to turn over. And that's subject of... Well, with the 360M finding too, I'm guessing, right? And there was a 363M finding. And the debtor has appealed those orders to this court. Those are related appeals to what we have here. And the debtor's in violation of turnover order and was adjudicated in contempt of that last week. And that's now another appeal in front of this court. And so I think that Judge Smith was confirmed in her finding of bad faith because the continued bad faith is ongoing and remains present. I gotta stop you for a second. I'm not sure I heard it. Did you say the sale has closed or hasn't closed? The sale has not closed. Not closed. Thank you. And that is because we need possession of the property as a condition under the purchase and sale agreement. And the debtor is in contempt of the court's turnover order. And so the debtor has been ordered by 5 o'clock p.m. She's already been adjudicated in contempt. And she must purge her contempt by 5 p.m. today, or the court will consider additional contempt, coercion, civil contempt, coercion efforts. And one last thing on that issue briefly is we've already got, as this court knows, there was a limited remand for the purpose of allowing an indicative order to be entered, which has now been entered to allow the United States Marshals Service to remove the debtor. The marshals have now posted the lockout notice, and that lockout will actually occur by the marshals imminently. And just a small, I think you probably implicitly answered this question, but when I took a look to see what the status was of the contempt, it looked as if there'd been a hearing, there had been a ruling, but there had been an objection to an order. So are you telling us now that there is an order that's been entered? That is correct, Your Honor. The order was entered on Monday or Tuesday of this week, and the debtor has already appealed that order, which is now another appeal before this court. Can I ask you a question about going back to the good questions my colleagues have been asking about the good faith requirement in filing? And I'm thinking back to a series of cases from way long ago when I was a very much younger person called the victory construction cases where we had a, out of the Central District, we had a determination of bad faith filing. It was Judge Ordon, I think, who found that the bad faith filing was a basis for dismissal. And then later in the case, there was a determination that the consequences of the bad faith filing could be obviated by the filing of a good faith plan. This is all in the Chapter 11 context. Why wouldn't that same reasoning apply here? And assuming that the plan was in good faith, I guess. Well, again, I think we get to the same place in this particular case. You can't confirm a plan in the absence of a finding that has been proposed in good faith. And that would be a distinction between the Chapter 13 context and the Chapter 11 context, where the Chapter 11 context just requires a good faith plan under 1129A3? I believe that is the case. And here under 1325A3, you have to have a finding that the plan has been proposed in good faith. And in this case, there was a conversion in order to provide for a plan that only has $122 per month of disposable income for the six-month period in which the debtor said she would market her property. That's only 700-some dollars that would be distributed to unsecured creditors. As noted in our brief, the debtor's proposed plan did not provide for payment of the two secured liens against the property, the mortgages. Isn't it also a confirmation requirement that the action of filing the petition be done in good faith? Yeah. That's the distinction. In conclusion, I think that Judge Smith was correct in identifying the legal rule. Her implausible or without support. We have a debtor who has done everything she possibly can to remain in her property in violation of state court orders and now federal bankruptcy court orders. Over a number of years, the creditors are being harmed by this ongoing delay and the debtor's bad faith here could never result in the conversion of a Chapter 13 plan. So there is no conversion just to have the case converted back. Given that we will be closing the sale, whether it's tomorrow or Monday, as soon as we have possession, the entire matter is going to become moot in any event and the trustee will be in a position to provide homestead money to the debtor and have the non-exempt unencumbered proceeds available to pay creditors. That was proper result to be reached in this case and we would ask the court to affirm. Any questions? All set. Thank you. Thank you. Thank you. All right. Thank you. Do you cede the rest of your time? I take it. Yes, I do. All right. Thank you. All right. Miss Richards, you've saved. You have six minutes and 44 seconds for rebuttal. Yes. Thank you. I disagree with Mr. Hayes. First, we get back to the structural error where the court talked about the deed of trust in a prior Chapter 13 case that was listed as secured and then said that there are inconsistencies of the deed of trust where I listed as a priority in my initial schedules and then as a secured creditor in an amended schedule. The trustee didn't even bring that up. The court brought that up. The court didn't allow me to explain and I don't even think that's bad faith at all. And the family trust, I had already agreed to pay out of my proceeds. So I don't even understand how that could be considered bad faith because I plan to pay all of my valid creditors. My plan was presented to the court in good faith and I really disagree and I don't understand why Mr. Hayes consistently brings up the state court that I refused to sell the house in the state court when I have shown documentary evidence of the fact that I listed the house in October of 2017 with a real estate listing agent and the house was on the MLS for 30 days. And then this is where the controversy happened and started in the family law court where involved my father's trust money and caused a breach. And we've been going round and round because of this breach in the state court. I clearly listed the property and the breach of and had that been litigated, the house would have gone in the trust and then I would be able to have lived in the house until I died. But instead I was forced into bankruptcy court and I tried to make the best of it and then circumstances changed and my family was going to help me convert to chapter 13 because I thought if I could sell my own house, I could make my own improvements and I could get the highest price and everybody would have benefited. Every single person would have benefited from me converting. Instead we have now the trustee who has accumulated almost half a million dollars in fees against the equity in this property. He's like Pac-Man, just going after the equity in the property and this is even without jurisdiction over the property because the family law court kept continuing jurisdiction over the chapter 13 and she lifted the stay for the family law court to proceed and sent the house back to the family law court and I was stuck in chapter 13 trying to pay all of my predators including the mortgage payments. So I didn't have the property but I had all the debt and that shows good faith and my converting this time shows good faith. I just figured I was trying to help my children. I figured this whole thing is just going on and on and on and I thought well this would just benefit everyone. I'll convert to chapter 13, save the estate of all of these trustee fees. We just won't stop. I want you to know had the court not denied me conversion all of these other things wouldn't have happened and I'm prejudiced because of all of these other things. There's no inconsistencies with the deed of trust. Everything was specifically stated and it was also in my brief. My plan was submitted in good faith. Judge Smith did not specifically detail why I was denied conversion. In my chapter 13 case it was not denied for cause. It was denied because I didn't have income enough to fund my plan and Judge Smith what she did is she said if I didn't want to continue then just to have my case dismissed and that's what I did and went back to family law court and the deed of trust was not filed during my prior chapter 13 case. It was filed after I had already been dismissed and there was no briefing on that issue which is another structural error because I was denied due process to explain everything and to have that considered by the bankruptcy court before they made all these rulings not even based on the other party's argument. I really believe there was an abuse by the court and I was severely prejudiced thereby and I request this court to change the ruling and order the bankruptcy court to grant my conversion and I know I'm out of time so thank you. Well thank you you're right you're right at your time you did a good job with time management. Any questions from the panelists? All right thank you. Thank you for your good argument. This matter will be deemed submitted and we will issue a decision at the earliest appropriate date. Thank you. Thank you. Thank you your honors.
judges: TAYLOR, FARIS, LAFFERTY